**LOZANO et al. v. DE MARTINEZ et al.**

No. 11170.

Court of Civil Appeals of Texas. San Antonio.

July 22, 1942.

Rehearing Denied Aug. 26, 1942.

Henry B. Dielmann, Burton W. Morris, and Alonso S. Perales, all of San Antonio, for appellants.

Arthur W. Mueller and Gus Garcia, both of San Antonio, for appellees.

SMITH, Chief Justice.

In January, 1930, Beneficencia Mexicana de San Antonio was organized as an unincorporated association for the purely charitable purpose of establishing and maintaining a free hospital and medical clinic in the City of San Antonio, primarily and principally for the benefit of the needy Mexican population of the City. Its governing board consisted of a set of trustees, or directors, duly elected by the members at the time of its organization.

Subsequently, in 1939, three of the trustees and three individual members applied for and were granted a charter for the organization, which was thereby incorporated for the purposes mentioned, as provided in Art. 1302, subdivision 2, R.S. 1925. Under the charter the applicants therefor were named as the first board of directors of the corporation. Subsequently, a majority of the members of the corporation elected a new set of directors, composed of appellees in this case. This suit was brought by the newly elected directors, representing a majority of the members, to oust the original corporate directors and place the management of the corporate affairs in the hands of the newly elected board. From a judgment ousting the old and establishing the new board, the former have appealed.

The cause was tried to the court without a jury and upon appellants' motion the trial judge filed elaborate findings of fact and conclusions of law. None of those findings of fact are specifically challenged in this appeal, and are therefore adopted as the findings of this Court.

The suit was brought by appellees, Sofia O. de Martinez and her associates, constituting the newly elected directors and representing nearly all the membership, against appellants, Ignacio E. Lozano and his associates, constituting the original board of directors. The corporation, as such, intervened in the suit and adopted the pleadings of the plaintiffs below and appellees here.

No question is raised here as to the validity of the corporation, as such, or of appellants' appointment as its first board of directors. The controlling question in the appeal is presented in appellants' contention, in effect, that appellees were first elected directors to succeed appellants at a special meeting, which was called, not by the president and then board of directors in their official capacity, but by a majority of the members of the corporation, individually and on their own initiative,

without first calling on the then official board of directors to issue such call; that having been elected by this process, appellees' election was void, and appellants continued to be and still are the only legally constituted directors of the corporation.

We think the unchallenged findings of fact by the trial judge are such as to establish appellees in office as directors to the exclusion of appellants. The trial judge found, among other facts:

"15. At a regular meeting of Beneficencia Mexicana de San Antonio on January 29, 1941, plaintiffs (appellees) were elected the Board of Officers of the corporation by a majority vote of the membership thereof. * * *

"19. The Board of Officers of the Beneficencia Mexicana de San Antonio as elected on January 29, 1941, and the Board of Officers which they succeeded, by authority of the majority of the members of the Beneficencia Mexicana de San Antonio gave sufficient written notice to all members of the corporation, including defendants (appellants), of a meeting to be held March 12, 1941, for the purpose of electing new directors or trustees of the Beneficencia Mexicana de San Antonio.

"20. In accordance with the notice, such meeting was held on March 12, 1941, and plaintiffs (appellees) as named above were elected directors or trustees of the Beneficencia Mexicana de San Antonio, a corporation, by the majority of the members thereof. * * *

"25. The defendants (appellants) are no longer members of the Beneficencia Mexicana de San Antonio under the by-laws passed March 28, 1941, because of their failure to pay dues as provided for therein after March 28, 1941."

So that, regardless of any irregularities which may have occurred prior to the events disclosed in the above findings, the subsequent events there disclosed had the effect of curing such irregularities and establishing the legal status of the corporation and of appellees as directors thereof, with the participation and approval of practically all the members of the corporation.

This conclusion settles the case and the judgment is accordingly affirmed.

On Motion for Rehearing.

■ In this motion for rehearing appellants complain that the evidence in detail shows such irregularities in the election of appellees as directors of the corporation as to nullify such election. In the absence, however, of direct attack in this Court upon any specific finding of fact by the trial judge, we must look alone to those findings, and all the implications inherent in them, and are not required or authorized to search the record to determine if the evidence warrants them; they are therefore binding upon this Court, and require an affirmance.

■ We adhere to the conclusions, expressed in the original opinion, that the findings of the trial judge support the judgment.

Appellants' motion for rehearing is accordingly overruled.